UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                      :

LAWRENCE PEREZ,                      :

                         Petitioner,    :         19 Civ. 5547 (LGS)

                                    :

           -against-              :        OPINION AND ORDER

                                    :

SUPERINTENDENT OF ATTICA    :
CORRECTIONAL FACILITY,[1]      :
                       Respondent. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Petitioner Lawrence Perez brings this Petition for habeas relief after being convicted of

Murder in the Second Degree under N.Y. Penal Law § 125.25(1) after a second trial in the

Supreme Court of the State of New York, Bronx County and sentenced to an indeterminate term

of imprisonment of twenty-five years to life.  *See* 28 U.S.C. § 2254.  Petitioner raised seven

grounds for relief that can be categorized as: ineffective assistance of counsel, wrongful

admission of certain testimonial evidence, prosecutorial misconduct, and violation of procedural

due process rights.  This case was referred to Magistrate Judge Katharine H. Parker.  She issued

a Report and Recommendation (the "Report") on October 5, 2020, recommending that the

Petition be denied and dismissed in its entirety.  Petitioner timely objected to the Report.  For the

following reasons, the Report is adopted, and the Petition is denied.

---

[1] The Superintendent of Attica Correctional Facility is the nominal defendant as Petitioner has
been transferred to Southport Correctional Facility.  The change does not affect the merits of the
Petition.

I.     BACKGROUND

       A.     Facts

       The facts relevant to the Petition are set out in the Report and summarized here.

Petitioner is a member of the "Latin Kings Gang" and was convicted for his role in the torture

and murder of Dennis Rivera, which took place over a twenty-four-hour period in June 2005.

Three other gang members participated in the murder: Virgilio Samo, George Melendez and

Michael Gonzalez.  While Gonzalez testified for the prosecution and was tried separately,

Petitioner, Samo and Melendez were tried together.

       The first trial commenced on March 11, 2008, and Gonzalez's testimony suggested that

Petitioner had put a "contract hit" on his life and as a result, he had to be moved to another

correctional facility.  Co-defendant Samo testified that Petitioner was a member of the Latin

Kings Gang but was not present during the torture and murder because he arrived after Rivera

had been killed.  Ultimately, a juror refused to deliberate because he had been intimidated by

gang members, and the Court declared a mistrial.

       The second trial began on May 14, 2008.  This time, Samo did not testify, but portions of

his testimony were admitted after an agreement among all attorneys including Petitioner's.

Samo's admitted testimony included that Petitioner helped to dispose of the dead body but was

not present at the murder -- a fact that contradicted other incriminating testimony that Petitioner

was involved in the torture and murder of Rivera.  Petitioner's counsel relied on Samo's

testimony in his closing arguments.

       Gonzalez testified again at the second trial.  This time, he testified -- over the objection

by Petitioner's counsel -- that he was at a different correctional facility for reasons unrelated to

Petitioner.  The trial judge overruled the objection on the ground that the testimony made clear that any threats to Gonzalez's safety at Rikers were unrelated to and not made by Petitioner.

During jury deliberations in the second trial, one juror requested that deliberations end earlier so that she could attend her grandson's birthday party.  The trial judge questioned the juror and, after being assured that missing the party would not affect the juror's deliberations, declined to end deliberations early that day.  Melendez's counsel reported that this made the juror cry that her heart was broken, but the Court had already determined that she was competent to continue deliberating.

On July 1, 2008, Petitioner, Samo and Melendez were convicted.  Petitioner was convicted of Murder in the Second Degree and sentenced to an indeterminate term of twenty-five years to life in prison.  Petitioner appealed, and the Appellate Division, First Judicial Department, affirmed the judgment on September 27, 2016.  On January 19, 2017, the New York Court of Appeals denied Petitioner's Leave to Appeal.

B.      **Procedural History**

Meanwhile, on October 9, 2015, Petitioner filed a motion to vacate his conviction, pursuant to CPLR § 440.10.  Petitioner argued that his trial counsel was ineffective for failing to seek disqualification of the crying juror.  On April 14, 2016, the Supreme Court, Bronx County, denied the motion on the merits.  On December 13, 2016, Petitioner appealed with representation of counsel.  The Appellate Division affirmed the denial on October 3, 2017, and said, "to the extent defendants CPL 440.10 motion alleged ineffective assistance of trial counsel, that claim has been abandoned on appeal," and in the alternative found that Petitioner had received effective assistance.  *People v. Perez*, 60 N.Y.S.3d 812, 813 (1st Dep't 2017), *perm. app. denied*

94 N.E.3d 495 (N.Y. 2017).  On December 11, 2017, the New York Court of Appeals denied

Petitioner's application for leave to appeal.

On May 3, 2018, Petitioner, proceeding pro se, filed another CPLR § 440.10 motion to

vacate his conviction based on newly discovered evidence.  Petitioner argued that the newly

discovered evidence proved that the prosecutor had coerced Gonzales to testify against Petitioner

at trial and elicited false testimony from a cooperating witness.  On January 16, 2019, the New

York Supreme Court denied the motion without a hearing.  On May 14, 2019, Petitioner filed a

motion for a certificate for leave to appeal, which the Appellate Division denied on September

17, 2019.  On June 13, 2019, Petitioner filed the present Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254.

## II.    LEGAL STANDARD

### A.    Review of a Report and Recommendation

In reviewing a report and recommendation on a dispositive motion, a district court may

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When reviewing a magistrate judge's report and

recommendation, district courts must modify or set aside any part of the report to which no

"specific written objection" is raised, if it "is clearly erroneous or contrary to law."  Fed. R. Civ.

P. 72(a), (b)(2); *accord Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Torres v. D.J. Southhold, Inc.*,

No. 17 Civ. 5123, 2018 WL 3653156, at *1 (E.D.N.Y. July 31, 2018).  "When a party makes

only conclusory or general objections, or simply reiterates the original arguments made below, a

court will review the report strictly for clear error."  *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL

6810858, at *2 (S.D.N.Y. Nov. 16, 2016); *accord Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451

(S.D.N.Y. June 3, 2008) ("Reviewing courts should review a report and recommendation for

clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).  "To hold that a factual finding is 'clearly erroneous,' [a court] must be left with the definite and firm conviction that a mistake has been committed."  *United States v. Sampson*, 898 F.3d 287, 312 (2d Cir. 2018).  A district court should not, however, entertain new grounds for relief or additional legal arguments that were not before the magistrate judge.  *See Walker v. Stinson*, 205 F.3d 1327, 1372 (2d Cir. 2000) (holding that a district court did not abuse its discretion in refusing to consider an argument that a petitioner failed to raise before a magistrate judge).

If a party files non-conclusory objections to a report and recommendation, then the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *accord United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *Grant v. United States*, No. 17 Civ. 2172, 2018 WL 3574865, at *2 (S.D.N.Y. July 25, 2018).  Yet, in exercising de novo review, "the district court need not . . . specifically articulate its reasons for rejecting a party's objections ."  *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order); *accord Brown v. Berryhill*, No. 15 Civ. 8201, 2017 WL 2484204, at *1 (S.D.N.Y. June 8, 2017).

**B.  Habeas Relief**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, modified the standard under which federal courts review § 2254 petitions where the state court has reached the merits of the federal claim.  Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the

United States" or "was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). State court

factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §

2254(e)(1); *accord Sanabria v. Martuscello*, No. 15 Civ. 1534, 2019 WL 4942118, at *8

(S.D.N.Y. Oct. 8, 2019).

### C.    Exhaustion of Claims and Procedural Default

The AEDPA provides that federal courts may not grant a petition for habeas corpus

unless "the applicant has exhausted the remedies available in the courts of the state" or "there is

an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(A), (B)(i).

"Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state

courts in order to give the state the opportunity to pass upon and correct alleged violations of its

prisoners' federal rights." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (internal quotation

marks omitted); *accord Poirier v. Graham*, No. 17 Civ. 1457, 2018 WL 5314745, at *5

(S.D.N.Y. Apr. 24, 2018), *R. & R. adopted*, 2018 WL 5312902 (S.D.N.Y. Oct. 25, 2018). "In

order to have fairly presented his federal claim to the state courts the petitioner must have

informed the state court of both the factual and the legal premises of the claim he asserts in

federal court." *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc);

*accord Sanabria*, 2019 WL 4942118, at *6.

"If a habeas applicant fails to exhaust state remedies by failing to adequately present his

federal claim to the state courts so that the state courts would deem the claim procedurally barred

. . . [federal habeas courts] must deem the claim procedurally defaulted." *Carvajal*, 633 F.3d at

104 (quoting *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001)).  "Unless a petitioner can demonstrate cause for the default and prejudice or actual [ ] innocen[ce] of the crime for which he was convicted, dismissal for a procedural default -- unlike dismissal for failure to exhaust state remedies -- amounts to a disposition of the habeas claim on the merits."  *Villacorta v. Sup. Ct., N.Y. Cnty.*, No. 10 Civ. 9516, 2011 WL 3251816, at *5 (S.D.N.Y. July 29, 2011) (alterations in original) (internal quotation marks omitted).

> ### D.    Ineffective Assistance of Counsel

The Sixth Amendment provides "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  "There is 'a strong presumption that counsel's conduct fell within the wide range of professional assistance.'"  *Weingarten v. United States*, 865 F.3d 48, 52 (2d Cir. 2017) (quoting *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015)).  "To overcome that presumption, a petitioner must establish two elements.  First, the petitioner must show that counsel's performance was deficient by demonstrating that the representation 'fell below an objective standard of reasonableness.'"  *Id.* (quoting *Strickland*, 466 U.S. at 688).  "Second, the petitioner must show that counsel's deficient representation was prejudicial to the defense by establishing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Id.* (quoting *Strickland*, 466 U.S. at 694).

## III.    DISCUSSION

> ### A.    Counsel's Failure to Challenge the Crying Juror

Petitioner claims ineffective assistance of counsel because his counsel failed to challenge the impartiality of the juror who reportedly cried after the trial judge denied her request to end

deliberations early so she could attend a family event.  The Report rejected this claim on the

principal ground that the claim is unexhausted and procedurally barred.

### 1.  Exhaustion of Remedies and Procedural Bar

The Report recommended that the habeas relief based for the crying juror be denied

because the issue was not exhausted and so the relief is procedurally barred.  As Petitioner

objects, this portion of the Report is reviewed de novo.

The issue was not exhausted because Petitioner did not raise the ineffective assistance

argument in his request for leave to appeal the denial of his first § 440.10 motion to the Court of

Appeals, the "highest state court capable of reviewing [the issue]."  *Jackson v. Conway*, 763 F.3d

115, 133 (2d Cir. 2014); *accord Lithgow v. Keyser*, No. 20 Civ. 3655, 2021 WL 4200722, at *4

(S.D.N.Y. Aug. 16, 2021), *R. & R. adopted*, 2021 WL 4391122 (S.D.N.Y. Sept. 24, 2021).

The Report also correctly found that the claim was procedurally barred.  Petitioner could

not exhaust the claim now by returning to state court.  Because the issue was not raised on

appeal, the state court would (and did) find the claim abandoned and would not have considered

it.  The Appellate Division found his claim abandoned and denied his claim based on a firmly

established state procedural bar after Petitioner had abandoned his claim on appeal.  *See*

*Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (holding that a federal court may not review a

state court decision that rests on a state law ground that is independent of the federal question

and adequate to support the judgment); *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (holding

that a state procedural bar is adequate only if it is based on a rule that is "firmly established and

regularly followed" by the state in question); *Pierotti v. Walsh*, 834 F.3d 171, 176 (2d Cir. 2016).

The Report found that no exception to the procedural bar rule applied because Petitioner

did not attempt to show "cause or prejudice for the default or his actual innocence."  Petitioner

objects, arguing that Samo's testimony that Petitioner came to the scene after the murder proves "actual innocence."  This argument is unpersuasive.  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted).  In light of all the evidence, Samo's testimony is insufficient to prove actual innocence.  In finding Petitioner guilty, the jury had already considered Samo's testimony and weighed it against other incriminating evidence.  Their finding was reasonable.  The Report's conclusion was correct that habeas relief is unavailable based on counsel's failure to object to the crying juror because the claim was not exhausted and relief is procedurally barred.

### 2. *Strickland* Analysis

As a secondary ground to reject the ineffective assistance claim, the Report found that the Appellate Division's *Strickland* analysis was correct in concluding that Petitioner had received effective assistance of counsel at trial -- in other words, that the state court's conclusion was not "contrary to clearly established federal law," 28 U.S.C. § 2254(d)(1), which would be necessary to warrant habeas relief.  The Report's *Strickland* analysis is reviewed de novo.

Petitioner argues in his objection that "the right to a fair and impartial jury doesn't permit a juror to have ill will and continue to deliberate" because the juror's crying "infected the jury process" and that his "attorney failed to ask to court to inquire further into the juror's mind set" and also failed to inquire into the "mind set" of the jury.  The Report found that Petitioner's claim would fail the *Strickland* analysis because the trial court confirmed with the juror that she would be able to render an impartial verdict.

The Report's findings are correct.  Given the trial court's confirmation, trial counsel's objection would have been futile and not changed the outcome.  Trial counsel's failure to object

to the juror was not objectively unreasonable.  *See Strickland*, 466 U.S. at 687, 694 (requiring a showing that counsel's errors fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's errors, the result at trial would have been different); *United States v. Nolan*, 956 F.3d 71, 79 (2d Cir. 2020) ("The standard of *Strickland* is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on it.") (internal quotation marks omitted).

### B.    Admission of Samo's Prior Testimony

Petitioner claims that the introduction of co-defendant Samo's prior testimony from the first trial, which was declared a mistrial, violated his Sixth Amendment rights.  The testimony was admitted pursuant to an agreement among all defense attorneys, including Petitioner's counsel.  Petitioner claims two violations -- first, ineffective assistance of counsel because his trial counsel consented (and did not object) to the introduction of Samo's testimony; second, denial of his right to confront witnesses against him because Samo's was not cross-examined during the second trial, where his testimony from the first trial was introduced into evidence. The Report recommends that these claims be denied, and the recommendation is adopted in full.

### 1.   Ineffective Assistance of Counsel

The Report found that trial counsel did not provide ineffective assistance because it was not objectively unreasonable to consent to the admission of Samo's prior testimony.  According to the Report, Samo's testimony was used to argue that Petitioner did not torture or murder Rivera, a trial strategy that was objectively reasonable.  Petitioner himself claims that trial counsel's "logic seemed fair" and "there is no reason to disbelieve Samo" because Petitioner is actually "innocent."  Because Petitioner objects, the Report's findings on ineffective assistance of counsel for admitting Samo's testimony is reviewed de novo.

Petitioner's Sixth Amendment rights were not violated as the trial counsel's consent to the admission of Samo's prior testimony was not objectively unreasonable.  To the contrary, Samo's testimony was helpful to Petitioner.  "In assessing [an] attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case . . . and may not use hindsight to second-guess his strategy choices."  *Weingarten*, 865 F.3d at 53.  By consenting to the admission of Samo's testimony from the first trial, defense counsel was able to argue before the jury that Petitioner played no role in the torture or murder of Rivera.

### 2.   Confrontation Clause

Citing *Bruton v. United States*, 391 U.S. 123 (1968), Petitioner objects to the Report on the basis that the Report "forgot that the United States Supreme Court found fundamental prejudice in cases where the above practices were employed because of their inherent prejudice to the accused."  Petitioner's objection to the Report based on *Bruton* is reviewed de novo.

The issue in *Bruton* was the admission of a co-defendant's out-of-court confession of guilt, with no opportunity at all to cross-examine.  Here, Petitioner had ample opportunity to cross-examine and confront Samo during the first trial.  *See, e.g.*, *Crawford v. Washington*, 541 U.S. 36, 59-60 (2004) ("Testimonial statements of witnesses absent from trial have been admitted only where the declarant is *unavailable*, and only where the defendant has had a *prior opportunity to cross-examine*.") (emphasis added).  The Report's finding of no constitutional violation was proper.

Petitioner's objection argues for the first time that, because Samo's testimony was a "statement against interest," the jury ought to have known that the law presumes such statements to be true.  Even assuming that this new argument is addressable, it is unavailing.  The lack of a special instruction in this circumstance neither infringes any aspect of Petitioner's Sixth

Amendment confrontation right with respect to the introduction of Samo's testimony nor rises to the level of demonstrating actual innocence.

For these reasons, the objections made to the introduction of Samo's testimony are rejected and the related recommendations in the Report are adopted in full.

C.     **Introduction of Gonzalez's Testimony**

Petitioner claims that Gonzalez's testimony that Gonzalez was moved to a different correctional facility violated Petitioner's right to a fair trial because the testimony insinuated that Petitioner put out a "contract hit" on Gonzalez and prejudiced Petitioner.  The Report found that this claim was unexhausted and procedurally barred and that this portion of Gonzalez's testimony from the first trial was not prejudicial because it was never introduced in the second trial.  Because Petitioner properly objects, these findings are reviewed de novo.

The Report correctly finds that the claim was initially raised on Petitioner's direct appeal but was abandoned.  *See People v. Perez*, 37 N.Y.S.3d 549 (1st Dep't 2016).  Further, when Gonzalez testified in the second trial, it was made clear that Petitioner had nothing to do with Gonzalez being held at a different facility.  Petitioner's objections to the Report concerning the introduction of Gonzalez's testimony are rejected, and the Report in this regard is adopted.

Petitioner raises two new objections regarding the admission of Gonzalez's testimony.  First, Petitioner claims that there would be no other reason to introduce this evidence to the jury other than to prejudice Petitioner.  Second, Petitioner objects that his "trial attorney and appellate attorney failed to preserve claims in the trial court and appellate court" regarding admission of Gonzalez's testimony.  Though these issues need not be considered as they were not raised before the Magistrate Judge, they would nonetheless fail.  The first claim is merely speculative, and Petitioner offers no evidence.  Second, Petitioner would fail the ineffective counsel test

because he was not prejudiced by testimony that did not implicate him, and therefore was not prejudiced by his appellate counsel's failure to preserve the claim.

    **D.**    **Remaining Portions of the Report Without Any Objections**

As to the remainder of the Report -- including the claim of newly discovered evidence of prosecutorial misconduct and general due process violations -- Petitioner either does not object to or merely reiterates arguments made previously.  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 amendment; *accord Niles v. O'Donnell*, No. 17 Civ. 1437, 2019 WL 1409443, at *1 (S.D.N.Y. Mar. 28, 2019).  The Court finds no clear error on the face of the record.  The remainder of the Report is adopted in full.

## IV.    CONCLUSION

For the reasons stated above, the Report is adopted and the Petition for a writ of habeas corpus is denied.  The Clerk of Court is respectfully directed to enter judgment dismissing the Petition, close the case and mail a copy of this Opinion and Order to Petitioner.

As Petitioner has not "made a substantial showing of the denial of a constitutional right," no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).

Dated:  October 8, 2021
       New York, New York

                                       LORNA G. SCHOFIELD
                                  UNITED STATES DISTRICT JUDGE